IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT M. TIMOTHY,
    Plaintiff,

vs.                                        Case No.: 3:11cv450/RS/EMT

OKALOOSA COUNTY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the court upon Plaintiff's Second Amended Complaint (doc. 14). Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a pleading titled "Plaintiff claims violation of Rights Gaunteed [sic] by the 14th and 4th Amendment of the U.S. Constitution and Florida Constitution Article 1 Section 9 Due Process and Section 21 Access to Courts, Complaint" (doc. 1). He paid the $350.00 filing fee. Plaintiff was directed to file an amended complaint on the proper court form, which he did (doc. 4), and he subsequently moved to file another amended complaint (doc. 10), which complaint (doc. 14) is the complaint now at issue. Upon review of the complaint, it is clear that the court does not have jurisdiction over Plaintiff's claims, and that it should be dismissed.

Plaintiff sues the Okaloosa County Government, Okaloosa County Judge John Brown, Okaloosa County Clerk of Court Don Howard, First National Bank of Florida Vice President Sharon Hines, Charter Bank President and CEO Robert Lee Johnson, and attorneys T.A. Borowiski, Jr., and Scott Duncan of Borowiski & Duncan, P.A., for events that transpired during or as a result of the proceedings in case 2009 CA 007086, a lis pendens action litigated in Okaloosa County. Plaintiff's allegations are still not entirely clear, but it appears that he is essentially challenging the outcome of those proceedings by attacking the actions of the individuals and entities in any way involved

therewith. Plaintiff claims that Scott Duncan committed fraud on the court by improperly filing the lis pendens action, and by improperly writing up a proposed judgment for the court (doc. 14 at 3). He asserts that Judge Brown negligently performed his duties and failed to comply with a procedural "state directive" (*id.*). Don Howard is accused of contributory negligence for his issuance of a Certificate of Title to unidentified property that had an objection to a foreclosure sale upon which no court order had entered (*id.* at 4). Plaintiff seeks to hold Okaloosa County liable for the failure of its employees to follow the laws, directives, and regulations of the state of Florida and, similarly, the law firm of Borowiski & Duncan liable for the actions of partner Scott Duncan (*id.*). He claims First National Bank of Florida, a legal client of Scott Duncan, and Charter Bank are liable for contributory negligence and unlawful seizure of property as a result of Okaloosa Case number CA 007086 S (*id.*). Plaintiff claims that his right to due process of law and his fourth amendment right to be protected from unlawful seizure of property were violated by the above actions, in addition to raising the aforementioned state law claims (*id*. at 4). He seeks monetary compensation, lost income, punitive damages, legal fees, and recoupment of all monetary gains, including salaries, payments or other compensation earned by Defendants (*id.* at 5).

As Plaintiff was previously advised, he is not entitled to recover damages from Judge Brown, as this Defendant is immune from suit. Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27 (1985)); Dennis v. Sparks, 449 U.S. 24, 27 (1980); *see also* Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley, 437 F.3d at 1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. (*quoting* Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); Mireles, 502 U.S. at 11 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that

the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Sibley, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227 (1988); Dykes, 776 F.2d at 948 (judge who has subject matter jurisdiction but no personal jurisdiction retains immunity) (citing cases in accord).

Even more important is the question of subject matter jurisdiction. It is well established that a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); *see also* Ishler v. Internal Revenue, 237 Fed. Appx. 394, 395 (11th Cir. 2007) ("Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction.").

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, Plaintiff must allege a violation of his constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. The mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S.

528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). Furthermore, Plaintiff may not simply list federal constitutional amendments or other statutory provisions—there must be some basis for a private right of action that is identified in the complaint. Plaintiff's citation to the Fourteenth and Fourth Amendments of the U.S. Constitution is insufficient to support jurisdiction over this case, particularly since he seeks, through his allegations, to place this court in the position of an appellate tribunal over the state court's decision.

All of Plaintiff's allegations stem from his dissatisfaction with the proceedings in state court. Again, as Plaintiff was previously advised, federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under this doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). The Eleventh Circuit has identified the following four criteria that must be met for the Rooker-Feldman doctrine to bar a district court's jurisdiction:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceedings; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amose v. Glynn Cnty. Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (internal citations omitted).

The Eleventh Circuit has defined "inextricably intertwined" as meaning that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Siegel v. Lenore,

234 F.3d 1163, 1172 (11th Cir. 2000) (citations and quotations omitted).  That is clearly the circumstance here, as Plaintiff's claims arise from his belief that he was wronged in the state court proceedings.  Although Rooker-Feldman does not apply if Plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (*quoting* Wood v. Orange Cnty., 715 F.2d 1543, 1547 (11th Cir. 1983)); Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545 and n.4 (11th Cir. 1990) .  "[A] party's ability to raise a claim on appeal constitutes] a reasonable opportunity to raise the claim." Blue Cross and Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989)).  Here, Plaintiff's complaint appears to be entirely based on his assertion that the state court proceedings were wrongly decided and otherwise violated his rights under state law and procedure, and possibly federal law.  It does not appear that Plaintiff filed an appeal.  The fact that he may not have chosen to file an appeal does not supply a basis for federal court jurisdiction to review the state court proceedings.

Accordingly, it is respectfully **RECOMMENDED** that:

This cause be **DISMISSED** due to lack of jurisdiction.

At Pensacola, Florida, this 27th day of February 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).